UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

INTERVEST MORTGAGE
INVESTMENT COMPANY,

           Plaintiff,

   v.

KIP S. SKIDMORE and ILLA A.
JONES-SKIDMORE, husband and
wife; the ALASKA TRUST
COMPANY, et al.,

           Defendants.

_____/

NO. CIV. S-08-1543 LKK/DAD

O R D E R

Plaintiff, an Oregon corporation, allegedly made a loan to "The Crest at Memory Lane," secured by real property in Sacramento County and guaranteed by defendants Mr. and Mrs. Skidmore. Plaintiff claims this loan is in default, and plaintiff seeks to foreclose on the security and collect on the guaranties. Plaintiff further alleges that the Skidmores fraudulently transferred real property other than the security to defendant Alaska Trust Company (ATC) in order to deprive plaintiff of a remedy against the

1

Skidmores.

Before the court is defendant ATC's Fed. R. Civ. P. 12(b)(2) motion to dismiss for lack of personal jurisdiction.

Although not relevant to the resolution of this motion, plaintiff has named as additional defendants all potential holders of junior interests in the security property, and the Skidmores have filed counterclaims relating to administration of the loan.

## I. BACKGROUND[1]

ATC is an Alaska company with its principal place of business in Anchorage, Alaska. ATC has no offices or employees in California, and is not licensed to do business in this state. Aside from the trust properties, ATC does not own any property in California. ATC does not publicly advertise in California, aside from maintaining a generally accessible website.

Plaintiff, an Oregon corporation with principal place of business in Oregon, is a commercial lender. Plaintiff lent nearly $4.8 million to The Crest at Memory Lane, LLC, a limited liability company owned by defendant Kip Skidmore and others, on March 1, 2007. This loan was to finance development of property in Sacramento, California. In order to secure the loan, the Skidmores entered a guaranty assuming personal responsibility for the entire debt.

On November 28, 2007, the Skidmores executed trust documents

---

[1] For purposes of this motion, the court looks to affidavits submitted by the parties, taking plaintiff's uncontroverted version of the facts as true. Doe v. Unocal Corp., 248 F.3d 915, 922 (9th Cir. 2001).

2

creating five trusts:

    1)    The Kip Skidmore Qualified Personal Residence Trust Carmichael
    2)    The Kip Skidmore Qualified Personal Residence Trust Hermosa Beach
    3)    The Illa Skidmore Qualified Personal Residence Trust Carmichael
    4)    The Illa Skidmore Qualified Personal Residence Trust Hermosa Beach
    5)    The Skidmore Alaska Trust, which holds title to a timeshare in Maui, Hawaii

ATC serves as the trustee for each of these trusts. The trust property consists of three pieces of real property: a residence in Hermosa Beach, California, a residence in Carmichael, California, and a timeshare in Hawaii. The deeds transferring the California properties to ATC as trustee were recorded in February of 2008. ATC has submitted affidavits stating that the trusts were executed in Alaska and that all direct communication between the Skidmores and ATC occurred in Alaska. The trust documents specify that they are governed by Alaska law. The Skidmores learned of ATC through their counsel.

Through a series of communications dated December 19, 2007, February 7, 2008, and March 19, 2008, plaintiff notified the Skidmores and others that the loan was in default, and that if the default was not cured, plaintiff would seek legal remedy.

Plaintiff filed suit on July 3, 2008, seeking, inter alia, to set aside the transfer of the trust property to ATC as fraudulent. ATC moves for dismissal of all claims against ATC for lack of personal jurisdiction.

////

3

## II. STANDARD FOR A MOTION TO DISMISS
## FOR LACK OF PERSONAL JURISDICTION

When a defendant challenges the sufficiency of personal jurisdiction, the plaintiff bears the burden of establishing that the exercise of jurisdiction is proper. <u>Pebble Beach Co. v. Caddy</u>, 453 F.3d 1151, 1154 (9th Cir. 2006). However, "[w]hen a district court acts on a motion to dismiss without holding an evidentiary hearing," this burden is light: "the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion." <u>Doe v. Unocal Corp.</u>, 248 F.3d 915, 922 (9th Cir. 2001).

Substantively, when subject matter jurisdiction rests on the diversity of the parties, personal jurisdiction must comport with the jurisdiction statute of the state in which the district court sits and with the Due Process Clause of the United States Constitution. <u>Sinatra v. Nat'l Enquirer, Inc.</u>, 854 F.2d 1191, 1194 (9th Cir. 1988), <u>Aanestad v. Beech Aircraft Corp.</u>, 521 F.2d 1298, 1300 (9th Cir. 1974). In California, there is no separate inquiry into whether the first requirement is satisfied, because California's long arm statute authorizes the exercise of personal jurisdiction to the extent consistent with the United States Constitution. Cal. Code Civ. P. § 410.10.

The exercise of personal jurisdiction over a defendant is consistent with the due process clause when the defendant has certain minimum contacts with the forum state such that the defendant could reasonably expect "being haled into court there."

1  World-Wide Volkswagen v. Woodson, 444 U.S. 286, 297 (1980).
2  "[W]hen in personam jurisdiction is asserted over a non-resident
3  corporate defendant," due process is satisfied if the defendant
4  "has certain minimum contacts with [the forum] such that
5  maintenance of the suit does not offend traditional notions of
6  fair play and substantial justice." Helicopteros Nacionales de
7  Colombia, S.A. v. Hall, 466 U.S. 408, 414 (1984) (quoting Int'l
8  Shoe Co. v. Washington, 326 U.S. 310, 326 (1945)).

In applying the minimum contacts test for in personam personal jurisdiction, a court may obtain either general or specific jurisdiction. General personal jurisdiction arises when the defendant's activities in the forum state are so "substantial, continuous, and systematic that the defendant can be deemed to be 'present' in that forum for all purposes." Yahoo! Inc. v. La Lique Contre Le Racisme, 433 F.3d 1199, 1205 (9th Cir. 2006) (en banc).

If a non-resident defendant's contacts with California are not sufficiently continuous or systematic to give rise to general personal jurisdiction, the defendant may still be subject to specific personal jurisdiction on claims arising out of defendant's contacts with the forum state. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 477-78 (1985); Haisten v. Grass Valley Medical Reimbursement Fund, Ltd., 784 F.2d 1392, 1397 (9th Cir. 1986). The court employs a three-part test to determine whether the exercise of specific jurisdiction comports with constitutional principles of due process. Schwartzenegger v. Fred Martin Motor

Co., 374 F.3d 797, 802 (9th Cir. 2004), Bancroft & Masters, Inc. v. Augusta Nat'l Inc., 223 F.3d 1082, 1086 (9th Cir. 2000), Gray & Co. v. Firstenberg Machinery Co., 913 F.2d 758 (9th Cir. 1990). First, the defendant must "purposefully avail" itself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws. Second, the claim must arise out of the defendant's forum-related activities, and third, the exercise of jurisdiction must be reasonable. Fred Martin Motor Co., 374 F.3d at 802.

In determining whether the claim arises out of the defendant's forum-related activities, the Ninth Circuit applies a "but for" test: if plaintiff's injury would not have occurred but for defendant's forum-related activities, the claim arises out of those activities. Mattel, Inc. v. Greiner & Hausser GmbH, 354 F.3d 857, 864 (9th Cir. 2003), Ballard v. Savage, 65 F.3d 1495, 1500 (9th Cir. 1995).

If the first two steps are satisfied, the burden is on the defendant to show that exercise of jurisdiction does not comport with "fair play and substantial justice," and is therefore unreasonable. Burger King, 471 U.S. at 476. To determine whether the exercise of specific personal jurisdiction over a defendant would be "reasonable", the court examines seven factors: 1) the extent of defendant's purposeful interjection into the forum;[2] 2)

---

[2] The Ninth Circuit gives this factor no weight once it is established that the defendant purposefully availed itself of the privilege of conducting business of the state, thereby invoking the benefits and protections of its laws. Sinatra v. National

6

1  the burden of defending the suit in the forum; 3) the extent of
2  conflict with the sovereignty of the defendant's state; 4) the
3  forum state's interest in the dispute; 5) the most efficient forum
4  for judicial resolution of the dispute; 6) the importance of the
5  chosen forum to the plaintiff's interest in convenient and
6  effective relief; and 7) the existence of an alternative forum.
7  Gray & Co., 913 F.2d at 761.

### III. ANALYSIS

Plaintiff seeks an injunction restraining ATC from selling, transferring, encumbering, conveying or otherwise disposing of the trust properties. California law provides that such an injunction can only issue to a party subject to in personam jurisdiction. Comfort v. Comfort, 17 Cal. 2d 736, 741 (1941), People ex rel. Gwinn v. Kothari, 83 Cal. App. 4th 759, 765 (Cal. App. 4th Dist. 2000); see also Rath Packing Co. v. Becker, 530 F.2d 1295, 1306 n.15 (9th Cir. 1975) (citing Penn General Casualty Co. v. Pennsylvania, 294 U.S. 189, 195 (1935)) ("Suits for injunctions are in personam, not in rem."). Therefore, although plaintiff's claim against ATC centers on property located in California, plaintiff cannot rely on in rem or quasi in rem theories of personal jurisdiction.

Acknowledging this limit, plaintiff claims that this court has specific personal jurisdiction over defendant ATC. Therefore, this court applies the three-part test for specific personal

---

Enquirer, Inc., 854 F.2d 1191, 1199 (9th Cir. 1988).

jurisdiction provided in Fred Martin Motor Co., 374 F.3d at 802.

**A. Purposeful Direction or Availment**

In order to have minimum contacts with California, the plaintiff must show that

> the non-resident defendant [] purposefully direct[ed] his activities or consummate[d] some transaction with the forum or resident thereof; or perform[ed] some act by which he purposefully avail[ed] himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws

Fred Martin Motor Co., 374 F.3d at 802 (quoting Lake v. Lake, 817 F.2d 1416, 1421 (9th Cir. 1987)).

ATC's primary contact with California is its ownership of the two California trust properties.[3] Ownership of property is a significant contact, as a property owner ordinarily "expect[s] to benefit from the State's protection of his interest." Shaffer v. Heitner, 433 U.S. 186, 207-08 (U.S. 1977). See also Rush v. Savchuk, 444 U.S. 320, 328 (1980) ("[The] ownership of property in

---

[3] In its memorandum in support of dismissal, ATC argued that the trust, and not the trustee, owned the trust property. This position runs counter to the trust agreement's own documents and well-settled provisions of trust law, and ATC has since adopted the conventional position: that it has legal, but not equitable, title to the trust properties. ATC now argues that its lack of equitable title distinguishes this case from cases applying the minimum contacts analysis to property ownership. Perhaps this distinction could be relevant in some cases, but it does not change the analysis here. As discussed below, this court does not automatically conclude that minimum contacts exist on the basis of ATC's ownership of legal title. Instead, it is the way in which ATC acquired that title and ATC's projected future activities that are relevant, and the distinction between legal and equitable title does not influence this analysis.

8

the State is a contact between the defendant and the forum . . . ."). However, ownership of property in the forum state is not itself a sufficient contact to confer jurisdiction. As with other contacts, the significance of property ownership lies in whether it demonstrates purposeful direction or availment. Rush, 444 U.S. at 329, Hanson v. Denckla, 357 U.S. 235, 253 (1958).

If property ownership, or any other contact, arises out of the unilateral action of another party, then ownership of property in the forum state is not a relevant act or contact. Hanson, 357 U.S. at 253-54, World Wide Volkswagen Corp. v. Woodson, 444 U.S. 286 (1980). In Hanson, the settlor executed a trust agreement in Delaware with a Delaware trustee, conveying a trust property consisting of various securities. 357 U.S. at 238. The settlor subsequently moved to Florida, and exercised her unilateral power of appointment there. Id. "None of the trust assets ha[d] ever been held or administered in Florida," and the trustee had no other contacts with that state. The Court concluded that despite the settlor's actions, "there [was no] act by which the [trustee had] purposefully avail[ed] itself of the privilege of conducting activities within [Florida]." Id. at 253. In World Wide Volkswagen, plaintiffs purchased an automobile from defendant auto dealer in New York and subsequently drove it to Oklahoma. 444 U.S. at 288. Defendant had no other contacts with Okalhoma. Id. Citing Hanson, the Court held that plaintiff's unilateral action did not demonstrate any purposeful contact between defendant and Oklahoma. Id. at 298-99.

9

Defendant ATC relies on these cases to argue that it acquired the California properties through unilateral action of the Skidmores, and that this contact was therefore not purposeful. The facts here do not support this argument. In Hanson and World Wide Volkswagen, the contact with the forum state was unilateral because it was established by the other party after that party's interaction with the defendant. See also Kulko v. California Superior Court, 436 U.S. 84, 93-94 (1978). In those cases, the defendants could not have reasonably foreseen or expected that their dealings with the other party would subject them to jurisdiction in the forum states at the time defendants acted. Here, ATC purposefully acquired property in California, via the bilateral act of entering business negotiations with the Skidmores that culminated in the execution of the trust agreement.

In an attempt to minimize this difference, ATC notes that the settlors have the power to convey additional property to the trust after the execution of the trust agreement. If ownership of trust property in a state subjects the trustee to personal jurisdiction in that state, ATC argues, then the settlors have the power to unilaterally subject the trustee to personal jurisdiction in any forum. Again, the court notes that any such power is the result of the bilateral agreement of the Skidmores and the trust. Moreover, even if ATC's point was well taken, it would only demonstrate the need to look beyond the mere fact of property ownership to the circumstances surrounding the ownership and acquisition of property.

The trust agreement itself provides additional evidence of purposeful direction. While "an individual's contract with an out-of-state party *alone* [cannot] automatically establish sufficient minimum contacts in the other party's home forum," a contract can document the "prior negotiations and contemplated future consequences" that may constitute sufficient minimum contacts. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 478-79 (1985) (emphasis in original). Here, the trust agreement demonstrates that ATC expected to administer two properties in California for an extended period of time, for the benefit of California residents.

Lastly, ATC cites various state cases holding that states lacked personal jurisdiction over out of state trustees. However, in each of those cases, none of the trust assets were located in the forum state, and the trustees' contacts with the forum state arose by action of another party after the creation of the trust. Rose v. Firstar Bank, 819 A.2d 1247, 1253 (R.I. 2003), In re Estate of Ducey, 241 Mont. 419, 425 (1990), First American Bank, N.A. v. Reilly, 563 N.E.2d 142, 144 (Ind. Ct. App. 1990). If anything, those cases support finding purposeful availment on the instant facts.

In International Shoe, the Supreme Court stated that there are no "mechanical" tests for personal jurisdiction, and this admonition applies to the evaluation of minimum contacts in particular as well as to the question of in personam jurisdiction as a whole. 326 U.S. at 319. Therefore, neither ownership of

property in California nor entering into a trust agreement–a contract–with California residents automatically demonstrate minimum contacts. However, the facts of this case demonstrate that ATC purposefully entered into an agreement to acquire title to property in California, and to administer that property while enjoying the protection of California's laws. Therefore, ATC's contacts with California are sufficient to support the exercise of personal jurisdiction.

**B. Relation between Contacts and The Claim**

In the second step of the specific personal jurisdiction test, plaintiff must show that his claim "arises out of or relates to the defendant's forum-related activities." Fred Martin Motor Co., 374 F.3d at 802. In the Ninth Circuit, this is a "but for" test: the question is whether, "'but for' the contacts between the defendant and the forum state, the cause of action would [] have arisen." Terracom v. Valley Nat. Bank, 49 F.3d 555, 561 (9th Cir. 1995).

Here, plaintiff's cause of action against ATC is for fraudulent transfer of three properties: two California residences, and a time share in Hawaii. The court must have in personam jurisdiction over the defendant with respect to each claim. Data Disc, Inc. v. Systems Technology Associates, Inc., 557 F.2d 1280, 1289 n.8 (9th Cir. 1977) (citing 6 C. Wright & A. Miller, Federal Practice and Procedure § 1588, at p. 816 (1971)). Because the relation between the contacts and claims differs for the Hawaii and California properties, the court analyzes the

12

claims separately.

### 1. The California Properties

Although the burden is on the plaintiff at this step, the court begins with defendant's argument. ATC's motion argued that its only contact with California was administration of the trust, and that it had not acquired ownership of California property. If this were true, it would be unclear whether plaintiff's claim sufficiently related to ATC's activities. However, ATC's argument misstates the facts.

ATC's most significant contact with California was its purposeful entry into a bilateral agreement transferring ownership of California properties to the defendant as trustee. Clearly, "but for" this act, plaintiff would not have had a cause of action for fraudulent transfer.

The various state court cases cited by ATC are not relevant to this step of the specific jurisdiction analysis. As discussed above, in each, the various state supreme courts held that non-resident defendants had no adequate contacts with the state–that there was no purposeful availment. Rose v. Firstar Bank, 819 A.2d 1247, 1253 (R.I. 2003), In re Estate of Ducey, 241 Mont. 419, 425 (1990), First American Bank, N.A. v. Reilly, 563 N.E.2d 142, 144 (Ind. Ct. App. 1990). Therefore, these cases did not discuss the adequacy of the relation between the claim and the contacts with the forum, and do not support defendant's position here.

### 2. The Hawaii Property

ATC's contacts with California are less closely related to

plaintiff's claim that the transfer of the Hawaii property was fraudulent. The parties have provided little argument as to whether this connection is sufficient to support specific jurisdiction. However, the Ninth Circuit has "explicitly adopted the concept of pendent personal jurisdiction." CE Distrib., LLC v. New Sensor Corp., 380 F.3d 1107, 1114 (9th Cir. 2004) (citing In Action Embroidery v. Atlantic Embroidery, 368 F.3d 1174, 1180 (9th Cir. 2004)). Under this doctrine, a defendant may be required to defend a "claim for which there is no independent basis of personal jurisdiction so long as it arises out of a common nucleus of operative facts with a claim in the same suit over which the court does have personal jurisdiction." Id. Because the claim relating to the Hawaii property arises out of essentially identical operative facts as the claims relating to the California properties, this court concludes that, if it has in personam jurisdiction over the California claims, pendent personal jurisdiction over the Hawaii claim is proper.

**C. Reasonableness of The Exercise of Jurisdiction**

Because plaintiff has carried its burden of satisfying the first two steps, the defendant must show that the exercise of jurisdiction would be unreasonable. Fred Martin Motor Co., 374 F.3d at 802. The Ninth Circuit considers six factors in evaluating reasonableness of specific jurisdiction: 1) the burden of defending the suit in the forum; 2) the extent of conflict with the sovereignty of the defendant's state; 3) the forum state's interest in the dispute; 4) the most efficient forum for judicial

14

resolution of the dispute; 5) the importance of the chosen forum to the plaintiff's interest in convenient and effective relief; and 6) the existence of an alternative forum. Gray & Co., 913 F.2d at 761.[4] The court considers each of these in turn.

### 1. The Burden on ATC of Defending in California

Defending in a California forum undoubtedly burdens ATC. Plaintiff argues that because ATC's interests largely coincide with those of other defendants, and because the defendants share counsel, this burden is less than it might otherwise be. Nonetheless, the court cannot conclude that the burden on ATC is trivial; this factor places some weight toward a finding of unreasonableness.

### 2. The Extent of Conflict with Alaska's Sovereignty

ATC argues that any judgment in California will "infringe on Alaska's exclusive judicial authority over the administration of Alaska Trusts, which are created pursuant to Alaska's Trust and Probate law." Plaintiff seeks an injunction against encumbrance or disposal of trust property, which would limit and interfere with ATC's management of the trust. However, the underlying issue is whether the properties properly came to be part of an Alaska trust in the first place. Alaska's sovereign interest in the adjudication of that state's trusts does not extend to the

---

[4] As described in note 2, supra, this test is traditionally formulated with an additional factor: the extent of defendant's purposeful interjection into the forum. However, the Ninth Circuit has held that this factor is satisfied whenever minimum contacts have been found, such that there is no need to discuss it separately. Sinatra, 854 F.2d at 1199.

15

question of whether and how non-Alaskan individuals can transfer property that has not yet come under the umbrella of Alaska's laws.

### 3. California's Interest in the Dispute

California has a significant interest in the resolution of this dispute. "The State's strong interests . . . in providing a procedure for peaceful resolution of disputes about the possession of that property would also support jurisdiction, as would the likelihood that important records and witnesses will be found in the State." Shaffer v. Heitner, 433 U.S. 186, 208 (1977). See also Judicial Comments to Calif. Civ. Code § 410.10.[5]

### 4 & 5. The Most Efficient Judicial Resolution of The Dispute, and The Importance of a California Forum to Plaintiff's Interests

Because this dispute primarily involves events and properties in California, the most efficient judicial resolution of the dispute would be in a local forum. Similarly, a California forum is important to plaintiff's interests, and the plaintiff must litigate numerous other closely intertwined claims in California.
////

---

[5] The court notes, however, that California's interest in this dispute, where plaintiff seeks an injunction against encumbrance of the properties, is not as strong as California's interest in cases directly contesting title. For example, the court agrees with plaintiff's argument that if California sought to condemn property owned by an out of state trust, personal jurisdiction over the out of state owner must be proper in a California forum. However, because such a case would seek title, rather than an injunction, it would proceed in rem, whereas this case proceeds in personam.

16

6. The Existence of an Alternative Forum

Defendants argue that Alaska provides an alternative forum for adjudication of the fraudulent transfer claim. However, Alaska would not necessarily have jurisdiction over plaintiff's remaining claims against the Skidmores, nor would it have jurisdiction over the other defendants. Therefore, although an alternative forum is available for the fraudulent transfer claim, the limited nature of this alternative does little to weigh in against finding that the exercise of personal jurisdiction in California is reasonable.

Weighing all of these factors, the court concludes that the exercise of personal jurisdiction is reasonable. The limited burden on ATC does not outweigh the plaintiff's and the State of California's strong interests in local resolution of this dispute.

## IV. CONCLUSION

For the reasons stated above, this court concludes that it does have specific personal jurisdiction over defendant ATC that permits the court to adjudicate plaintiff's fraudulent transfer claim. Therefore, defendant ATC's motion to dismiss is DENIED.

IT IS SO ORDERED.

DATED: October 9, 2008.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

17